FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C.   Atlanta

OCT 2 8 2010

JAMES N. HATTEN, Clerk
By: _____
_____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| THOMAS EDWARD JORDAN, JR., | : | PRISONER CIVIL RIGHTS |
| | : | 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:10-CV-2734-TWT |
| | : | |
| THE STATE OF GEORGIA, | : | |
| Defendant. | : | |

### ORDER AND OPINION

Plaintiff, Thomas Edward Jordan, Jr., who is currently incarcerated at the Liberty County Jail in Hinesville, Georgia, has filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1]. For the purpose of dismissal only, Plaintiff's request to proceed in forma pauperis [Doc. 2] is **GRANTED**, and the matter is presently before the Court for a 28 U.S.C. § 1915A review.

## I. 28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or, (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations

AO 72A
(Rev.8/82)

are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll

v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when

it does not include "enough factual matter (taken as true)" to "give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations

must be enough to raise a right to relief above the speculative level," and complaint

"must contain something more . . . than . . . statement of facts that merely creates a

suspicion [of] a legally cognizable right of action").

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must

allege that: (1) an act or omission deprived him of a right, privilege, or immunity

secured by the Constitution of the United States or a federal statute; and (2) the act

or omission was committed by a person acting under color of state law. See Hale v.

Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a plaintiff fails to satisfy

these requirements or to provide factual allegations supporting a viable cause of

action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279,

1283-84 (11th Cir. 2003) (affirming district court's dismissal of a § 1983 complaint

because plaintiffs' factual allegations were insufficient to support the alleged

constitutional violation).

2

## II. Plaintiff's Allegations

Plaintiff contends that his due process rights have been violated because he has not yet been considered for parole. According to Plaintiff, he received a five-year sentence and has been incarcerated for seventeen months without being considered for parole. Plaintiff alleges that his sentence indicates that he should be considered for parole after serving one-third of his sentence, which is twenty months. Plaintiff contends that he will not be considered for parole until he is transferred to the state prison system. Plaintiff seeks parole consideration and damages.

## III. Discussion

Plaintiff's allegations that his due process rights have been violated because he has not yet been considered for parole fail to state a claim. Inmates have no liberty interest or constitutionally-protected expectation of being paroled in the Georgia parole system. Sultenfuss v. Snow, 35 F.3d 1494, 1499-1501 (11th Cir. 1994). The Georgia Board of Pardons and Parole has broad and unfettered discretion in reaching parole decisions as to each inmate based upon their individual history and circumstances. Id. at 1499-1501. The Board is not required to reach any

3

particular result in a given case, to adhere to any uniform standard of review, or to abide by the parole guidelines in administering parole. Id. Thus, Plaintiff's allegations that he is entitled to parole consideration fail to state a due process claim. See Jones v. Ray, 279 F.3d 944, 946 (11th Cir. 2001) (holding Georgia inmate has no due process protected liberty interest in parole; affirming district court's dismissal of due process claim as frivolous).

IV. Conclusion

Based on the foregoing, **IT IS ORDERED** that the instant action be **DISMISSED** as frivolous under 28 U.S.C. § 1915A.


**IT IS SO ORDERED,** this 28 day of _October_ , 2010.



_Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev 8/82)